Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

Delphis R. JONES.

No. 87–139–M.P.

Supreme Court of Rhode Island.

May 13, 1987.

Frank A. Carter, Jr., Providence, for plaintiff.

Eugene Toro, Providence, for defendant.

## OPINION

PER CURIAM.

This case comes before us upon a recommendation of the Disciplinary Board of the Supreme Court of Rhode Island (board) that the respondent attorney be disciplined for having violated the following disciplinary rules of the court:

DR 1–102 (A) (4) A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

DR 1–102 (A) (6) A lawyer shall not engage in conduct that adversely reflects on his fitness to practice law.

The undisputed facts upon which the board has predicated its recommendation are as follows.

In 1982 respondent, Delphis R. Jones, transferred to his mother, Evangeline V. Jones, certain real estate that had previously been purchased by him. This conveyance was made in consideration of an indebtedness of $10,000 to the mother and her assumption of $20,000 worth of indebtedness due and owing from the attorney to the Fairlawn Credit Union. Apparently a verbal agreement existed between respondent and his mother that he would make payments on the mortgage. In 1985 the mortgage was in arrears and a refinancing was required to bring the indebtedness to current status.

His mother agreed to the refinancing, and further agreed that respondent would be a cosigner of the note. A closing was arranged to take place at the offices of the Fairlawn Credit Union. At that time Mrs. Jones could not be present owing to poor health. Consequently it was necessary that a power of attorney be presented in order to implement the transaction.

To this end, respondent prepared a written power naming himself as attorney in fact for his mother and granting to himself "full general power of attorney to borrow up to Thirty Thousand Dollars ($30,000)" in her name from the Fairlawn Credit Union and, further, authorizing him to execute any and all documents necessary and incidental thereto. It is undisputed that respondent forged the name of his mother to this document. He additionally forged, as notary public in acknowledgment of his mother's signature, the name of an attorney who was associated with him in the practice of law.

The board found that respondent's knowing and intentional forging of the signature of a party purportedly executing a power of attorney to him and his knowing and intentional forging of a signature of the notary public in addition thereto, together with his recording of said document in the public records of land evidence, constituted a violation of DR 1–102 (A)(4) and (A)(6). With this finding we are in complete agreement.

Although respondent has stated in mitigation that he had his mother's permission to execute all documents necessary to the refinancing and that he believed his associate would not object to the signing of his name as notary public, the conduct by respondent is inexcusable, particularly on the part of an attorney. The respondent also points out that no additional moneys were forthcoming either to him or to his mother. He further assured the board that he would forthwith prepare, execute, and record a proper mortgage in favor of the Fairlawn Credit Union. The board has recommended to us, nevertheless, that respondent be suspended from the practice of law for at least three months.

Upon receipt of this recommendation, we issued an order to respondent to show cause why discipline should not be imposed. Pursuant to this order, respondent appeared on March 19, 1987, before this court with counsel and expressed to us substantially the same elements in mitigation that he had previously presented to the board.

After considering the facts of the case and the elements in mitigation set

forth by the respondent, we are of the opinion that the recommendation of the board is eminently reasonable. The respondent's flagrant violation of the rules of conduct binding upon all attorneys in this state cannot be excused by a misguided desire for expediency, even in the absence of any actual intent to deprive another of money or valuable assets. *See In re Berberian,* 100 R.I. 782, 213 A.2d 411 (1965).

Therefore, for the reasons stated, we hereby order that the respondent be suspended from the practice of law for a period of three months commencing June 1, 1987, and continuing until August 31, 1987. The respondent is directed to furnish the clerk of this court on or before May 28, 1987, the names and addresses of all clients presently represented by him.