In the Matter of Kenneth M. LEVINE.

No. 2003–591–M.P.

Supreme Court of Rhode Island.

Dec. 17, 2003.

David Curtin, Esq., Chief Disciplinary Counsel, for Plaintiff.

Thomas C. Angelone, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

 This matter came before the Court pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Kenneth M. Levine, be publicly censured. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

> "If the [b]oard determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Pursuant to our order to show cause why this Court should not adopt the board's recommendation, respondent appeared before the Court, with counsel, on October 30, 2003. After hearing the representations of counsel and respondent, and having reviewed the record, we are of the opinion that cause has not been shown and respondent should be censured.

The relevant facts are as follows. The respondent is a member of the bar of the Commonwealth of Massachusetts. He is not admitted to the practice of law in this state. On October 3, 2001, he filed an application for admission *pro hac vice* to represent a plaintiff in medical malpractice litigation pending in the Washington County Superior Court. At the time of his request, *pro hac vice* applications were filed with the Clerk of the Supreme Court. The respondent's application was submitted under oath, and included the following representation: "No disciplinary proceedings or criminal charges have ever been instituted against me."

This representation was false at the time it was made. On August 30, 2001, the Massachusetts Board of Bar Overseers filed a Petition for Discipline against respondent, alleging that he violated several provisions of the Massachusetts Code of Professional Responsibility and Rules of Professional Conduct. The respondent had knowledge that those charges were pending at the time he submitted his application.

On October 26, 2001, this Court granted the *pro hac vice* application. Subsequently, opposing counsel in the malpractice litigation learned of the pending charges and filed a petition with this Court to vacate our order granting the *pro hac vice* application. We declined to vacate the order, but we referred this matter to Disciplinary Counsel.

■ Article V, Rule 8.5 of the Supreme Court Rules of Professional Conduct, entitled "Jurisdiction," provides in pertinent part: "A lawyer engaged in practice in another jurisdiction who is specially admitted to appear before the courts of this jurisdiction on an ad hoc basis shall be subject to these rules." Additionally, Article III, Rule 1 of the Supreme Court Rules of Disciplinary Procedure for attorneys states "any attorney specially admitted by a court of this State for a particular proceeding, is subject to the disciplinary jurisdiction of this Court." Accordingly, by filing his application for *pro hac vice* admission, respondent has subjected himself to the disciplinary authority of the board and this Court.

Disciplinary Counsel filed a petition charging the respondent with violating Rules 3.3(a)(1) [1] and 8.4(c) [2] of the Rules of

Professional Conduct. The respondent did not contest the factual allegations in the petition. In his appearance before the board and this Court, he explained that at the time he filed his application he did not disclose the pending charges because he was "innocent until proven guilty." He acknowledged that this was wrong and has expressed his sincere remorse for this misrepresentation.

The board has recommended, and we agree, that the appropriate level of discipline in this matter is the imposition of a public censure. Accordingly, the respondent Kenneth M. Levine, is hereby publicly censured.

---

1. Article V, Rule 3.3(a)(1) of the Supreme Court Rules of Professional Conduct provides: "A lawyer shall not knowingly * * * make a false statement of material fact or law to a tribunal."

2. Article V, Rule 8.4(c) of the Supreme Court Rules of Professional Conduct provides: "It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation."