**In the Matter of Ina P. SCHIFF.**

**No. 96–85–MP.**

Supreme Court of Rhode Island.

June 7, 1996.

David Curtin, Chief Disciplinary Counsel, for Petitioner.

Daniel Prentiss, Providence, for Respondent.

**OPINION**

PER CURIAM.

This matter is before the court pursuant to Rule 6 of Article III of the Supreme Court Rules of Disciplinary Procedure for Attorneys, on a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Ina P. Schiff, be

disciplined. Rule 6(d) of Article III provides in part:

"If the Board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

It is the recommendation of the board that respondent be publicly censured for violation of Rule 3.3(a)(1) of the Supreme Court Rules of Professional Conduct. That rule provides, "A lawyer shall not knowingly * * * make a false statement of material fact or law to a tribunal." We accept the board's findings of fact, but impose a penalty of suspension. The factual basis for the board's findings and recommendation is as follows.

The respondent represented Lodge No. 25, Fraternal Order of Police, and State Police Officer Mary Nunes (Nunes) in a civil rights action against the then superintendent and other ranking officers of the Rhode Island State Police. That litigation was filed in the United States District Court for the District of Rhode Island and captioned *Pontarelli et al v. Stone et al.* That litigation has been characterized at various times by the Federal Courts as "a marathon civil action," *Pontarelli v. Stone*, 930 F.2d 104, 107 (1st Cir.1991); "lengthy and complex," *Pontarelli v. Stone*, 781 F.Supp. 114, 117 (D.R.I.1992), and "bizarre, [even] [B]yzantine," *Pontarelli v. Stone*, 978 F.2d 773, 774 (1st Cir.1992).

After a seventeen-day trial, the jury returned a verdict in favor of Nunes in the amount of $125,000, which was reduced to $15,004 after postverdict hearings. The conduct that brought this matter before the board included certain representations made by respondent in her application for court-awarded attorney's fees and costs as a prevailing party in the civil action pursuant to 42 U.S.C. § 1988. In that application respondent sought an award of counsel fees for herself and others in the amount of $511,951 and payment of costs in the amount of $203,-268.28. Not surprisingly, this application for fees and costs was contested by the opposing party, resulting in several hearings before the United States District Court concerning the reasonableness of the application. At the conclusion of those proceedings the District Court issued a Memorandum and Order denying the application for fees and costs in its entirety, and the trial judge referred a copy of his decision to the Chief Disciplinary Counsel of the Rhode Island Supreme Court for investigation of possible misconduct by respondent. *Pontarelli v. Stone*, 781 F.Supp. at 127.[1]

The referral was justified. In support of her application for fees and costs, which was submitted to the District Court, respondent submitted an affidavit that stated, in pertinent part:

"The summary of time and charges for my services attached hereto present an accurate statement of services performed in connection with this litigation and was prepared from contemporaneous time records and with respect to sums for costs and expenses from accounting records."

The trial judge who heard the fee application ruled that this statement contained in respondent's sworn affidavit was simply not true. The billing sheets submitted by respondent sought reimbursement for work unrelated to the case, sought payment for time not worked, and indicated that portions of those records had not been made from contemporaneous time records. At the outset of the disciplinary hearing respondent conceded as much, admitting that this statement in support of her fee application was "not en-

---

1. On February 14, 1992, an investigation was commenced by disciplinary counsel. Formal charges were filed on February 17, 1993. A hearing was scheduled for June 23, 1993, but was continued to a later date because of the hospitalization of respondent. The respondent's counsel died suddenly before the next hearing was scheduled, and respondent was provided time to obtain new counsel. Hearings on the formal charges were held on April 11, 1994, and July 12, 1994. Counsel were provided the opportunity to submit posttrial memoranda, with the last memorandum being received by the board on January 25, 1995.

On July 12, 1995, the board adopted a recommendation to impose discipline. This recommendation was transmitted to this court on October 5, 1995. The respondent appeared before this court, with counsel, on October 26, 1995, to show cause why she should not be disciplined.

tirely accurate" and that some entries on her summary-of-time charges "were not, strictly speaking, derived from contemporaneous records." The respondent acknowledged that she had also made estimates regarding costs she had incurred that were not derived from accounting records.

On the basis of these admissions the board readily concluded that the petitioner in the instant case had met his burden of proving a violation of Rule 3.3(a)(1) by clear and convincing evidence. We concur with this finding of the board. The record discloses that respondent had indeed filed a false affidavit with the Federal Court in support of her application for fees and costs.

The respondent testified at the disciplinary hearing regarding various mitigating factors that attempt to explain, but do not excuse, her conduct. Among those mitigating factors considered by the board were that respondent had rushed to prepare her fee application to file it within the time allowed by the court and in her haste had borrowed "boilerplate language" from a form submitted by a colleague in an unrelated case. She continues to assert that any misstatements contained in that fee application were unintentional.

■ This court does not adopt a finding that respondent's submission of a false affidavit was inadvertent. No attorney can sign such an affidavit without being fully responsible for its contents. As the comments to Rule 3.3(a)(1) make clear, "[A]n assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true * * * on the basis of a reasonably diligent inquiry." We also find it particularly noteworthy that respondent made no effort to advise the court or opposing counsel about the inaccuracies contained in that affidavit at any time during the period of almost two years during which the application was pending and that she continued to defend the accuracy of her application throughout that time.

Also at issue before the board was respondent's conduct relating to a second affidavit prepared by respondent and presented to the District Court. This affidavit was signed by a friend and client of respondent and was submitted to buttress her claim that her normal hourly billing rate was $150 per hour for legal services provided to him. During the proceedings before the District Court, the client testified that this affidavit had been prepared by respondent, that he had signed the affidavit without reading the contents thereof, and that the statement in the affidavit relating to fees billed and paid was not true. This testimony was not rebutted by respondent before the trial court, and she declined the opportunity to cross-examine the client. Relying upon this unrebutted testimony, the District Court judge drew the reasonable inference that this affidavit prepared by respondent was materially false. He further drew the reasonable inference that respondent's failure to cross-examine this witness may have been motivated by concerns involving her Fifth Amendment privilege against self-incrimination.

In the hearing before the board, however, this witness was cross-examined at length regarding this testimony. Documentary evidence was also submitted to and accepted by the board, which led the board to conclude that this affidavit was not materially false. Therefore, the disciplinary allegations predicated upon this affidavit were dismissed. It must be noted that this finding by the board was based upon evidence that had not been presented to the District Court.

It is the recommendation of the board that respondent be publicly censured for her conduct. There was mitigating testimony presented by respondent to the board to palliate the board's recommendation. In light of the highly personal and confidential nature of that testimony certain portions of the transcript of the proceedings before the board have been placed under seal by separate order of this court.

■ Although we accept the findings of fact made by the board, we do not believe that the imposition of a public censure is a sufficiently severe response to the egregious character of the respondent's conduct. She submitted and subsequently defended a false affidavit in support of her claims for fees and

costs. This affidavit is not mere boilerplate or surplusage; rather it is a sworn statement designed to convince the trial court that the respondent's fee application was fair, reasonable, and accurate. The respondent knew or should have known that this statement was not true. Indeed, her misrepresentations to the court bear a close resemblance to an attempt to obtain money under false pretenses. Her testimony about mitigating circumstances does not reduce or ameliorate the seriousness of her misconduct.

Therefore, we order that the respondent be suspended from the practice of law for a total period of eighteen months, said period of suspension to commence thirty days from the date of this opinion. In order to protect the interests of her current clients, the respondent shall file with the clerk of this court either a list of all active clients or a statement by an attorney or attorneys who will assume responsibility to protect those clients' interests.

FLANDERS, J., did not participate.