**In the Matter of Paul B. McCARTHY.**

**No. 2009–182–M.P.**

Supreme Court of Rhode Island.

June 12, 2009.

David Curtin, Disciplinary Counsel.

Paul B. McCarthy.

## ORDER

This disciplinary case came before the Court at its conference on June 8, 2009, pursuant to a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Paul B. McCarthy, be suspended from the practice of law for one month. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides, in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding * * * should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Upon receipt of the board's recommendation this Court issued an order to the respondent to show cause, if any, why he should not be disciplined. The respondent appeared before the Court, without an attorney. Disciplinary Counsel (counsel) also appeared and recommended that this Court impose a more serious sanction than that recommended by the board. Having heard the representations of respondent and counsel, and having reviewed the record, we deem that discipline is appropriate. However, for the reasons set forth below, we impose a two month suspension from the practice of law upon respondent.

The facts of this matter are not in dispute. The respondent is admitted to the practice of law in this state, Massachusetts, and Colorado. At all times material to this matter he was practicing law with Attorney Pasquale Scavitti, III (Scavitti).[1] At the request of Scavitti, respondent agreed to act as the settlement agent on a loan wherein Marie Coll Kent (Marie) and Douglas Coll (Douglas) were refinancing an existing loan on property located in Newport, Rhode Island. Marie and Douglas reside in New Jersey.

On July 3, 2008, respondent traveled to the home of Marie in the State of New Jersey to conduct the real estate closing. The respondent is not admitted to the practice of law in New Jersey, nor is he a notary public in that state. When he arrived at the residence, Marie was present but Douglas, her son, was not. The respondent advised Marie's husband, Edward, that he could sign Douglas' name to the required closing documents including the mortgage. Edward had no authority to sign on behalf of Douglas. At the direction of respondent, Edward signed the name "Douglas Coll" to the closing documents. The respondent then purported to notarize that signature, attesting that Marie and Douglas personally appeared before him, that they were known by him to be the persons executing the mortgage, and that they acknowledged that their execution of that document was their free act and deed. The notary clause prepared by respondent falsely stated that the mortgage had been executed in Rhode Island on July 2, 2008.

---

1. On August 27, 2008 this Court disbarred Scavitti from the practice of law for misappropriating funds belonging to various clients, including the clients involved in the transaction that is the subject of this disciplinary action, as outlined below. The respondent has not been implicated in the conversion of any funds belonging to clients.

The board found that respondent's conduct was in violation of Article V, Rules 4.1(a)[2] and 8.4(c)[3] of the Supreme Court Rules of Professional Conduct. In fashioning its recommendation of an appropriate sanction the board considered three prior decisions of this Court where we disciplined an attorney for engaging in similar conduct. In *Lisi v. Resmini*, 603 A.2d 321 (R.I.1992), we suspended the attorney for one year for falsely notarizing the purported signatures of clients to answers to interrogatories on three occasions and filing those answers in court. We have also suspended an attorney for three months for signing the name of his law partner as a notary public attesting to the service of a motion, *In re Berberian*, 100 R.I. 782, 213 A.2d 411 (1965); and, another attorney for three months for signing the name of his mother to a power of attorney and the name of a law associate as the purported notary acknowledging the mother's signature, *Carter v. Jones*, 525 A.2d 493 (R.I.1987).

In the instant case the board found significant mitigating factors to deviate from the level of discipline imposed in those cases. The respondent has been practicing law in this state for sixteen years and has no prior disciplinary history. He fully cooperated in the disciplinary investigation, and provided candid testimony before the board. He was truly remorseful for his conduct and, other than his fee for conducting the closing, obtained no financial gain for himself. The board concluded that these mitigating factors warranted the imposition of a thirty day suspension.

While we agree that the respondent is truly remorseful for his conduct, and accept as true all the mitigating factors found by the board, we also note that he engaged in a series of acts of misconduct. He traveled to the State of New Jersey cognizant of the fact that he is not authorized to act as a notary public in that state. He then directed a third party to falsely sign another's name to a mortgage; causing potential harm to the lender should the lender attempt to foreclose on that mortgage. Lastly, he falsely identified the date and location of the real estate closing.

We do not believe that a thirty day suspension adequately addresses the seriousness of the respondent's misconduct. Accordingly, we hereby suspend the respondent, Paul B. McCarthy from the practice of law for two months, commencing thirty days from the date of this order.

**2.** Article V, Rule 4.1 of the Supreme Court Rules of Professional Conduct entitled "Truthfulness in statements to others", provides in pertinent part: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person * * *."

**3.** Article V, Rule 8.4 of the Supreme Court Rules of Professional Conduct entitled "Misconduct" provides in pertinent part: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."