**In the Matter of Nicholas GELFUSO.**

**No. 2015–36–M.P.**

Supreme Court of Rhode Island.

Feb. 24, 2015.

David D. Curtin, Esq., Disciplinary Counsel.

Keven A. McKenna, Esq.

## ORDER

This attorney disciplinary matter came before the Court at its conference on December 17, 2014. On November 14, 2014, this Court's Disciplinary Board (board), forwarded to the Court a decision and recommendation that the respondent, Nicholas Gelfuso (respondent) be suspended from the practice of law for a period of one month. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides, in pertinent part:

"If the [Disciplinary] Board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to show cause, if any, why we should not impose the discipline recommended by the board. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, and having reviewed the record, we deem that cause has not been shown.

The following are the relevant facts as found by the board after a hearing held on May 7, 2014. Attorney Dawn Huntley had been employed as a Special Assistant Attorney General until she was terminated from that position in July of 2008. Ms. Huntley believed that she had been discriminated against while employed by the Office of Attorney General, and that her termination was also motivated by discriminatory reasons.

Acting *pro se*, Huntley filed administrative grievances with the Providence Human Relations Commission, the Rhode Island Commission for Human Rights, and the Federal Equal Employment Opportunity Commission. On January 29, 2010, the Equal Opportunity Commission issued a right to sue letter, a prerequisite to the filing of a civil action. On April 30, 2010, still acting *pro se*, Huntley filed a civil complaint in the United States District Court for the District of Rhode Island, naming sixteen defendants, including Attorney General Patrick Lynch (Lynch), Deputy Attorney General Gerald Coyne (Coyne), and Assistant Attorney General Alan Goulart (Goulart), individually and in their professional capacities.[1] That complaint set forth various causes of action and sought both compensatory and punitive damages, but was not served by Huntley on any of the defendants.

On August 26, 2010, still acting *pro se*, Huntley filed an amended complaint naming only Lynch and the Department of the Attorney General in the caption, but also including Coyne and Goulart in the body of the complaint as defendants in both their individual and professional capacities. The amended complaint was served upon the defendants. On behalf of all of the defendants, the complaint was answered by an attorney employed by the Office of the Attorney General, and on behalf of all of the defendants, a motion to dismiss was filed. Huntley did not file an objection to the motion to dismiss. On October 4, 2010, the United States District Court issued an order and final judgment in favor of the defendants. Huntley did not appeal that judgment.

On November 3, 2010, the Rhode Island Commission for Human Rights also issued a right to sue letter, authorizing Huntley to file her discrimination claims in state court. Huntley obtained the services of

---

1. In filings before the administrative agencies and state and federal courts, Huntley listed various entities and individuals as parties. For purposes of this order, the relevant parties are the Department of the Attorney General and the three noted individuals.

the respondent to represent her in this proceeding. On January 31, 2011, the respondent filed a civil action on Huntley's behalf in the Superior Court naming the Department of the Attorney General as the sole party defendant. However, this complaint was not served. On March 24, 2011, on behalf of Huntley, the respondent filed an amended complaint, naming seven defendants, including Lynch, Coyne and Goulart in their individual capacities, and the amended complaint was served on the defendants. The amended complaint was answered on behalf of all of the defendants by an attorney employed by the Attorney General's Office. As occurred in the federal court litigation, a motion to dismiss was filed on behalf of all of the defendants. However, the respondent filed an objection to the motion to dismiss on behalf of Huntley, and on November 9, 2011, a justice of the Superior Court denied the motion to dismiss.

The defendants filed a petition for a writ of certiorari requesting that this Court review the decision of the Superior Court denying the motion to dismiss. We granted the petition, and the matter was assigned to briefing and argument. On December 28, 2012, a member of the Attorney General's Office filed a "Designation of Attorney Presenting Oral Argument" form with this Court clearly indicating that the Attorney General was representing all of the petitioners, including Lynch, Coyne, and Goulart. On April 12, 2013, after reviewing the briefs and hearing oral argument, we issued our opinion quashing the judgment of the Superior Court denying the motion to dismiss, and finding that Huntley's claims were barred. *Huntley v. State*, 63 A.3d 526, 533 (R.I.2013).

However, the respondent refused to accept, or to understand, that the opinion in *Huntley* was the final step in Huntley's pursuit of her claims. On May 20, 2013, the respondent filed an *ex-parte* application to the clerk of the Superior Court for the entry of a default against Goulart. The respondent submitted affidavits to the clerk in support of the application, asserting that Goulart had failed to "plead or otherwise defend the within action." Relying on the representations of the respondent the clerk entered a default as to Goulart on May 21, 2013. The respondent notified Goulart's counsel by e-mail that he had obtained a default against Goulart on May 23, 2013, and further indicated that he would be seeking similar defaults regarding Lynch and Coyne. Upon receiving this notification counsel for Goulart filed a motion to vacate the entry of default against Goulart, and a motion for sanctions against the respondent. Undaunted, on June 4, 2013 the respondent filed *ex-parte* applications with the Superior Court clerk for default as to Lynch and Coyne. However, the clerk refused to enter those defaults. Counsel for Lynch and Coyne filed an objection to the application for default against them, and a second motion for sanctions against the respondent. On June 19, 2013, the Superior Court vacated the default regarding Goulart, and on June 27, 2013, the court declined to enter default as to Lynch and Coyne, and sanctioned the respondent.[2] The court also referred this matter for review by Disciplinary Counsel.

We accept the findings of fact found by the board in this matter. The board further concluded that by his conduct the respondent violated Article V, Rule 3.3, Rule 8.4(c), and Rule 8.4(d), of the Su-

---

**2.** This Court affirmed the imposition of a monetary sanction upon the respondent in *Huntley v. State*, No. 2013–253–A., slip op. at 7–8, 2015 WL 592635 (R.I., filed Feb. 12, 2015).

preme Court Rules of Professional Conduct[3]. We agree. We find it inconceivable that the respondent could have held a belief, much less a reasonable one, that at all times during the long history of Huntley's quest for resolution of her claims Lynch, Coyne and Goulart did not plead or otherwise defend against those claims. Accordingly, the respondent could not have had a good-faith basis to support the affidavits he filed with the clerk in support of his applications for default. Therefore, he made a false statement of fact to the clerk of the court when he submitted his own affidavits asserting that Lynch, Coyne and Goulart had "failed to plead or otherwise defend the within action," in violation of Rule 3.3(a). Additionally, his conduct in filing these applications with the clerk, without notice to the defendants or their counsel, for purposes of obtaining an unwarranted entry of default, were dishonest and deceitful, in violation of Rule 8.4(c). Finally, his conduct was prejudicial to the administration of justice, causing the court, defendants, and their counsel to squander limited resources addressing respondent's filings, in violation of Rule 8.4(d).

The board has recommended that we suspend the respondent from the practice of law for one month. In considering the board's recommendation we keep in mind that "the purposes of professional discipline are to protect the public and to maintain the integrity of the profession." *In re McBurney*, 13 A.3d 654, 655 (R.I.2011) (quoting *In re Almonte*, 678 A.2d 457, 458 (R.I.1996)). We weigh both mitigating and aggravating factors to determine the proper level of discipline to impose. *In re Fishbein*, 701 A.2d 1018, 1020 (R.I.1997). When we weigh those factors, we consider the board's recommendation to be appropriate.

In mitigation, we note that the respondent is a fairly young attorney, with no history of public discipline. He seems to firmly believe in his client's cause, and he is zealous in his pursuit of her claim. However, we agree with the board that his actions in pursuit of those claims were misleading, disingenuous, and harassing. We are not convinced that the respondent fully grasps that his conduct in this matter was wrongful. We find his lack of appreciation of that fact to be a substantial aggravating factor.

Accordingly, the respondent, Nicholas Gelfuso, is hereby suspended from the practice of law in this state for one month, commencing thirty days from the date of this order.

---

**3.** Article V, Rule 3.3 of the Supreme Court Rules of Professional Conduct entitled "Candor toward the tribunal" provides, in pertinent part: "(a) A lawyer shall not knowingly; (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer * * *."

Rule 8.4, entitled "Misconduct" provides, in relevant part: "It is professional misconduct for a lawyer to:
"(c) * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
"(d) engage in conduct that is prejudicial to the administration of justice * * *."