In the Matter of Dawn M. Vigue-Thurston.          No. 2016-85-M.P.

**O R D E R**

This attorney disciplinary matter came before the Court at its conference on March 24, 2016.  On March 11, 2016, this Court's Disciplinary Board (board), forwarded to the Court a decision and recommendation that the respondent, Dawn M. Vigue-Thurston, be suspended from the practice of law for a period of sixty days, and that the effective date of that suspension be retroactive to and run concurrent with a prior suspension imposed by this Court on December 18, 2015, and commencing on January 18, 2016.  (In re:  Dawn M. Vigue-Thurston, No. 2015-359-M.P.)

Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides, in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court.  This Court shall review the record and enter an appropriate order."

We directed the respondent to show cause, if any, why we should not impose the discipline recommended by the board.  Having heard the representations of the respondent and

this Court's Disciplinary Counsel, and having reviewed the record, we deem that cause has not been shown, and we adopt the board's recommendation.

The relevant facts are as follows. At all times material to this matter the respondent practiced law with Thomas J. Howard, Jr. (Howard), doing business under the name Aurora Law. On December 12, 2013, the United States Bankruptcy Court for the District of Rhode Island issued an order sanctioning Howard and directing him to refund $1,000 of fees he had received from a client he was representing in the Bankruptcy Court, payable in two equal installments of $500. The order also required that Howard file certificates of compliance with the Bankruptcy Court that he had fulfilled this order.

The respondent met with the client and provided him a check drawn on the Aurora Law account in the amount of $1,000. It is unclear whether the client offered not to cash the check at that time or whether the respondent requested that he refrain from doing so. What is undisputed is that the respondent was aware that the check would not be presented for payment, and that there were insufficient funds available in the account to honor the check.

On December 15, 2013, the respondent filed a certificate of compliance on behalf of Howard with the Bankruptcy Court wherein she stated, "On December 15, 2013, Check No. 1300, issued by Aurora Law on behalf of Attorney Howard in the amount of $1,000.00 was hand-delivered to the Debtor." The certificate of compliance filed by the respondent did not notify the court that the debtor/client would not be cashing the check or that there were insufficient funds in the account to honor the check.

Aurora Law continued to represent the client, who subsequently became dissatisfied with the quality of the representation he was receiving. In April of 2015, sixteen months after the

respondent had filed the certificate of compliance, the client filed a complaint against the respondent with the board alleging, <u>inter alia</u>, that the respondent had not provided him with the $1,000 refund as required by the Bankruptcy Court order. On April 28, 2015, in answering that complaint, the respondent belatedly forwarded a bank check to the client for the full amount of the refund.

Based upon these facts, the respondent was charged with violating Article V, Rules 3.3(a)[1] and 8.4(c)[2] of the Supreme Court Rules of Professional Conduct. At the ensuing disciplinary hearing, and her appearance before this Court, the respondent acknowledged that her representation to the Bankruptcy Court was misleading as it omitted the fact that the check, while delivered to the client, would not be cashed. The respondent admitted that she did not know the proper way to notify the court that the check would not be cashed, so she took the expedient approach of providing a statement that was technically accurate but misleading. Accordingly, the board concluded she had violated the charged rules, and we agree.

The sanction recommended by the board is a sixty-day suspension, retroactive to January 18, 2016. As previously noted, we suspended the respondent on that date based upon a petition for reciprocal discipline filed by Disciplinary Counsel on September 30, 2015. The hearing on the instant matter was held before the board while that matter was pending. Had we received the board's recommendation in this case prior to issuing our suspension order in the reciprocal

---

[1] Article V, Rule 3.3 of the Supreme Court Rules of Professional Conduct, entitled "Candor toward the tribunal," provides in pertinent part: "(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer * * *."

[2] Article V, Rule 8.4 of the Supreme Court Rules of Professional Conduct, entitled, "Misconduct," provides in relevant part: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."

discipline matter, we would have incorporated these findings into that decision. We do not believe that an additional period of suspension should be imposed due to the independent timing of these two matters being presented for our consideration.

Accordingly, the respondent, Dawn M. Vigue-Thurston is hereby suspended from the practice of law for a period of sixty days, retroactive to January 18, 2016.

Entered as and Order of this Court this 5th Day of April, 2016.


By Order,


_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**       In the Matter of Dawn M. Vigue-Thurston.

**CASE NO:**       No. 2016-85-M.P.

**COURT:**       Supreme Court

**DATE ORDER FILED:**       April 5, 2016

**JUSTICES:**       Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**       N/A – Court Order

**JUDGE FROM LOWER COURT**:

                 N/A

**ATTORNEYS ON APPEAL:**

                 For Petitioner:    David D. Curtin, Esq.
                               Disciplinary Counsel

                 For Respondent:  Dawn M. Vigue-Thurston, Pro Se