ORDER This attorney disciplinary matter came before the Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On October 18, 2017, the Disciplinary Board of the Supreme Court forwarded to us a decision finding that the respondent, Richard M. Fisher, had violated the Supreme Court Rules of Professional Conduct, along with its recommendation that we suspend the respondent from the practice of law for sixty days, RUle 6(d) provides in pertinent part: “If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its' findings and recommendations together with the entire record, to this Court, This Court shall review the record and enter an appropriate order.” We directed the respondent to appear before the Court at its conference on December 14) 2017, to show cause, if any, why we should not accept the recommendation .of the board. The respondent appeared before the Court, with counsel. Having heard the representations of the respondent, his attorney, and this Court’s Disciplinary Counsel, we concur with the decision of the board that the respondent violated the Rules of Professional Conduct. However, we depart from the board’s recommendation as to sanction, and we hereby publicly censure the respondent1 for his actions. The relevant facts are undisputed. For many years the respondent has provided legal representation to the Newport Bay Club Home Owner Association, Inc. (hereinafter referred to as NBC). NBC is a not-for-profit corporation incorporated under the laws of the State of Rhode Island that is the managing entity .of a time-share development and commercial property known as the Newport Bay Club and Hotel located on Thames Street in Newport, Rhode Island. Time-share units are sold by NBC to owners who purchase .vacation property for set periods of time, usually in units of one-week duration. Besides the purchase price, unit owners were assessed annual maintenance fees by NBC. If an owner failed to pay the assessed maintenance fees, NBC had the right to foreclose on the delinquent unit owner’s-interest in the property. Among the legal services routinely rendered by the respondent to NBC was thé collection of delinquent fees and, when requested by the Board of Directors of NBC,, foreclosing on owner interests. In the ordinary course, acting pursuant to a statutory power of sale, the respondent would prepare a foreclosure deed to be executed by a duly authorized officer of NBC;, that execution would be witnessed by a notary public, and when properly executed the foreclosure deed was recorded in the land evidence records for the City of Newport. However, the respondent did not follow the appropriate course of conduct in providing these legal services to NBC. Instead, he engaged in a persistent pattern of signing the name of the President of the NBC Board of Directors to the foreclosure deeds and acting as the notary witness to that signature. The respondent then caused the falsely executed documents to be recorded. The conduct of the respondent came to light during the course of litigation between NBC and a former employee/manager of NBC.[1] The respondent self-reported his conduct to Disciplinary Counsel. The respondent subsequently prepared and caused a confirmatory deed to be properly executed and recorded to clear any title issues caused by his recordation of the improperly executed deeds containing the false notary affidavit clauses. Neither NBC nor any of the time-share owners whose ownership interests had been foreclosed upon incurred any financial harm due to the respondent’s conduct. The respondent freely acknowledged that his conduct in falsely notarizing those deeds is in violation of Article V, Rules 4.1(a) and 8.4(c) of the Supreme Court Rules of Professional Conduct. Rule 4.1, entitled “Truthfulness in statements to others” provides, in pertinent part: “In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person* * *.” Rule 8.4 entitled “Misconduct” provides in pertinent part: “It is professional misconduct for a lawyer to* * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation* * *.” We have previously sanctioned members of the bar for engaging in similar misconduct. In re McCarthy, 973 A.2d 617 (R.I. 2009) (mem.); Carter v. Jones, 525 A.2d 493 (R.I. 1987) (mem.); In re Berberian, 100 R.I. 782, 213 A.2d 411 (1965) (mem.). Accordingly, the board properly accepted the respondent’s acknowledgement of misconduct and found he had violated those rules. The board next turned to the issue of an appropriate sanction to recommend to this Court. In fashioning an appropriate sanction, the board and this Court are cognizant that the purposes of professional discipline are to protect the public and to maintain the integrity of the profession In re McBurney, 13 A.3d 654, 655 (R.I. 2011) (mem.), and not to punish the attorney. In re Almonte, 678 A.2d 457 (R.I. 1996). Mitigating and aggravating factors must be weighed to determine the proper level of discipline that should be imposed. In re Fishbein, 701 A.2d 1018, 1020 (R.I. 1997). The board noted the following significant mitigating factors present in this matter. First, the respondent has been actively engaged in the practice of law in this state since 1980, and has received no prior discipline in those thirty-seven years. Second, the respondent promptly contacted Disciplinary Counsel when his conduct became an issue in the then-pending litigation, and fully cooperated with both counsel and the board while this disciplinary matter was pending. Third, the respondent took the appropriate measures to correct the title problems caused by his action at his own expense. Fourth, the respondent obtained no financial gain from his actions. Lastly, the board concluded the respondent was truly remorseful for his misconduct. Notably, the board did not find any aggravating factors to be present. The board has recommended that we impose a sixty day suspension, which, as the board noted, is consistent with the most recent sanction imposed by this Court upon an attorney who falsely notarized a signature. McCarthy, 973 A.2d at 618. We give great weight to the recommendations of the board In re Hellew, 828 A.2d 531, 533 (R.I. 2003) (mem.), and we believe the board faithfully carried out its duties and reluctantly followed what it believed to be appropriate precedent in this matter. However, we are not bound by the recommendations of the board, and we remain the final arbiter of professional discipline. Id. We believe this case presents unique circumstances which cause us to reduce the level of discipline recommended by the board. We find the respondent’s lengthy, unblemished history, coupled with his heartfelt remorse, warrant a departure from our prior decisions in similar circumstances. We do not condone the respondent’s conduct. However, we also do not believe, in view of the totality of the circumstances of this case, that his suspension from the practice of law is necessary to protect the public. Accordingly, we hereby publicly censure Richard M. Fisher for his conduct in this matter. . That litigation was resolved by settlement between those parties, and other issues raised during that litigation are not germane to the issue before us today.