Supreme Court

In the Matter of Sean M. McAteer.                    No. 2017-126-M.P.


**O R D E R**

This attorney disciplinary matter comes before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure for Attorneys. On April 4, 2018, the Disciplinary Board of the Supreme Court (the board) forwarded to us a decision finding that the respondent, Sean M. McAteer, had violated the Supreme Court Rules of Professional Conduct. The board has recommended that we impose a public censure as a sanction for that misconduct. We directed the respondent to appear before the Court at its conference on April 26, 2018, to show cause, if any, why he should not be disciplined. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, we determine that cause has not been shown.

The relevant facts, as presented to the board per an agreed statement of facts, are as follows. In August 2015, Paul and Erin Ruggieri (the Ruggieris) entered into a purchase and sale agreement to buy a parcel of real estate in Bristol, Rhode Island, owned by the Sylvia E. Bray Revocable Trust. The property had been listed for sale with the William Raveis real estate agency, and Teresa Pedro-Matrone (Matrone) was the managing broker of the agency. The Ruggieris had provided a deposit in the amount of $15,000, which had been deposited into the agency's escrow account.

1

For reasons that are not germane to this disciplinary proceeding, the Ruggieris decided not to proceed with the sale, and sought return of their deposit. When the deposit was not forthcoming, the Ruggieris retained respondent, a member of the bar of this state, to attempt to recover the deposit on their behalf.

On October 17, 2015, respondent filed a civil action in the Providence County Superior Court seeking recovery of the deposit. The named defendants in that action were Sue Reynolds and Elaine Grady, co-trustees of the Sylvia E. Bray Revocable Trust, and Matrone.[1] On November 6, 2015, the Ruggieris and the sellers entered into a settlement agreement. Pursuant to that settlement agreement, the $15,000 deposit was released from the William Raveis account and returned to the Ruggieris. As part of the settlement agreement, respondent prepared a "Release of All Claims," pursuant to which, in return for receipt of the funds, the Ruggieris released any and all claims they may have regarding the sellers and "their agents[,] employees, partners, representatives, successors, businesses, heirs and assigns" from any and all claims that were the subject of the litigation. The Ruggieris executed the release, and received their funds, less respondent's legal fee of $5,000. Matrone was aware of the settlement, but was not a signatory to the release.

The Ruggieris did not feel they had been fully compensated, as they had incurred a legal fee to obtain the return of their deposit. They discussed with respondent what further actions may be available to them to secure complete recovery of their funds. It was at this point that respondent began a course of conduct that directly led to these disciplinary proceedings.

---

[1] The William Raveis agency was not named as a defendant, even though the deposit was being held in the agency escrow account.

2

Matrone had not filed an answer in the civil action. Well aware that the $15,000 deposit had been returned, and even though respondent had prepared the settlement release which applied to the sellers and their agents (Matrone was at all times acting as the sellers' agent), respondent sought and obtained a default judgment against Matrone on November 12, 2015. On December 18, 2015, he filed a motion for an oral proof of claim, with a hearing date of January 22, 2016. However, in his pleading he misidentified Matrone, and the notice was forwarded to the wrong address. Matrone did not receive the motion or notice of the hearing date.

On January 22, 2016, respondent and Paul Ruggieri appeared before a hearing justice on the scheduled motion. Matrone was not present. At the beginning of the hearing the justice specifically inquired of the respondent: "Are the defendants in default?" The respondent did not advise the court that his clients had previously received the return of their deposit. Rather, he responded: "Yes, your honor. There's only one we are seeking relief against here."

The court heard the testimony of respondent's client. The respondent elicited testimony that Matrone did not refund the $15,000 deposit. However, he did not ask his client if the deposit had been returned by anyone else. He further asked his client: "[A]re you asking this Court for the entry of default judgment against her for that amount, $15,000, plus interests and costs?" The client answered: "Correct."

Unaware that the $15,000 deposit had been returned, the hearing justice entered a judgment against Matrone for return of the $15,000, plus statutory interest, costs, and an attorneys' fees award. Matrone became aware of the judgment when she was served with an execution. On her behalf, the William Raveis agency obtained legal counsel, and on March 31, 2016, respondent consented to an order vacating the judgment against

3

Matrone. On October 7, 2016, the civil action against Matrone was voluntarily dismissed with prejudice, and with no judgment, interest or costs.

On January 6, 2017, Matrone filed a complaint with Disciplinary Counsel. The respondent was fully cooperative with counsel's and the board's investigation. The board filed formal charges against respondent, which he did not contest. After a hearing, the board concluded that respondent had violated several of the Rules of Professional Conduct in his pursuit of a judgment against Matrone after his clients had executed a release of all claims and received the return of their deposit. We will address each of those findings in the sequence presented by the board.

First, the board concluded that respondent violated Rule 3.1, entitled "Meritorious claims and contentions." That rule provides, in pertinent part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." The respondent was or should have been well aware that any claims his clients may have had against Matrone were extinguished upon the negotiated settlement, the return of the Ruggieris' deposit, and the execution of the release. The respondent had no good-faith basis for pursuing further actions against Matrone, and his actions were frivolous.

Second, the board concluded that respondent violated Rule 3.3, entitled "Candor toward the tribunal." Specifically, respondent's conduct was in violation of Rule 3.3(a)(1) which provides: "A lawyer shall not knowingly * * * make a false statement of fact or law to a tribunal * * *." The hearing justice inquired of respondent whether the defendants were in default, and he falsely answered "Yes," when he knew that the deposit

4

had been returned. The respondent's qualification that the Ruggieris were only seeking default against Matrone did not cure that misrepresentation.

Additionally, the hearing before the justice was an *ex parte* proceeding, as Matrone was not present. The Rules of Professional Conduct do not allow an attorney to take advantage of an absent party by being less than truthful with a court. Section (d) of Rule 3.3 provides: "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse." The respondent clearly owed a duty of zealous representation to his client. However, he also had a duty to inform the court in an *ex parte* proceeding of all material facts, even those adverse to his clients. In this matter, the court was clearly misled to believe that the Ruggieris had not received a refund of their deposit, when that was not the case.

The board found many mitigating factors that impacted the severity of the recommended sanction. The respondent has been a member of the bar for 27 years. He has appeared before virtually all of the tribunals in this state, and this is his first disciplinary infraction. He has performed a significant amount of pro bono and reduced-fee work for clients with the need, but without the means, for legal services. He has a reputation for honesty and courtesy in his dealings with the courts and with his peers. Additionally, he was fully cooperative in the disciplinary proceedings, recognized his misconduct, and accepted the consequences for his actions. After considering the agreed statement of facts and the significant mitigating factors, the board recommended that a public censure is appropriate in these proceedings.

After review of the board's findings and recommendation, we concur with the board. We are deeply troubled by the respondent's lack of candor in this matter. We

5

have previously suspended attorneys from the practice of law for making misrepresentations to a court. *See In re Vigue-Thurston*, 143 A.3d 1080 (R.I. 2016) (sixty-day suspension); *In re Gelfuso*, 108 A.3d 208 (R.I. 2015) (thirty-day suspension). However, we believe the respondent has presented sufficient mitigating factors to warrant a departure from the severity of sanctions imposed in similar cases. In addition, we believe that the respondent is truly remorseful for his conduct, and that he is not likely to engage in similar acts in the future.

Accordingly, the respondent, Sean M. McAteer, is hereby publicly censured.

Entered as an Order of this Court this 17th day of May, 2018.

By Order,

_____/s/_____

Clerk

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| Title of Case | In the Matter of Sean M. McAteer. | |
|---|---|---|
| Case Number | No. 2017-126-M.P. | |
| Date Order Filed | May 17, 2018 | |
| Justices | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| Source of Appeal | N/A | |
| Judicial Officer From Lower Court | N/A | |
| Attorney(s) on Appeal | For Petitioner:<br><br>Barbara Margolis<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Joseph J. Altieri, Esq. | |