**Supreme Court**
No. 2024-214-M.P.

In the Matter of Staci L. Kolb.     :

# O R D E R

This attorney disciplinary matter came before the Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure.  On August 5, 2025, we received a decision issued by the Honorable Justice Netti C. Vogel (ret.), sitting as a hearing officer pursuant to Article III, Rule 4(c), finding that the respondent, Staci L. Kolb, had violated the Supreme Court Rules of Professional Conduct and recommending we publicly censure the respondent for her actions. Rule 6(d) provides:

> "If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order. Proceedings, if any, before this Court shall be conducted by [Disciplinary] Counsel."

Both Disciplinary Counsel and respondent indicated they accepted the hearing officer's decision.  Having reviewed the entire record before us, we concur with the hearing officer's decision that respondent violated the Rules of Professional Conduct and should be publicly censured.

- 1 -

The respondent is subject to the Rules of Professional Conduct as adopted and promulgated as Article V of the Rhode Island Supreme Court Rules. The respondent was admitted to the Rhode Island bar in 1996. From her admission to the Rhode Island bar until 2009, respondent practiced law on a full-time basis. From 2009 to 2012, she reduced her hours to part-time status. By 2012, respondent left the practice of law without expecting to resume her legal career.

In 2009, 2010, 2012, and 2013, respondent was removed from the Court's master roll of attorneys for her failure to file an annual registration statement with the Court and pay the Court's annual registration fee and Rhode Island Bar Association (RIBA) dues, all of which are requirements of maintaining a license to practice law in this state. On each of those occasions, this Court reinstated her to the master roll after she filed a registration statement and submitted the required payments and late fees.

In 2016, respondent again failed to file her annual registration statement and pay the required fees. This Court sent respondent eleven notices both by email and regular mail reminding her that she had failed to file her annual registration statement. The Court again removed respondent from the master roll, and respondent did not seek reinstatement until December 15, 2021.

In December 2019, respondent joined a local firm as a part-time associate, despite being removed from the master roll since July 2016. The respondent

practiced law in Rhode Island with that firm for two years before applying to have her law license reinstated. Prior to and during her tenure at the firm, respondent never advised the firm that she had been removed from the master roll and that she did not have a valid Rhode Island law license.

On November 29, 2021, respondent applied for a full-time staff attorney position with the Rhode Island Supreme Court and included a resumé wherein she described herself as an attorney with the firm from 2019 to present and as being admitted to the Rhode Island bar. To vet respondent's application, a member of the Court's staff checked the relevant Court records to confirm respondent's bar status and learned that respondent had been removed from the master roll in 2016 and was administratively suspended. On February 8, 2022, Disciplinary Counsel wrote to respondent advising her that she had been "actively practicing law since [her] license has been on inactive status since 2016" in violation of certain Rules of Professional Conduct and applicable statutes. After receiving the February 8, 2022 letter from Disciplinary Counsel, respondent withdrew from the law firm and stopped practicing law.

On June 21, 2022, Disciplinary Counsel filed a disciplinary complaint (2022 complaint) against respondent for the unauthorized practice of law. The gravamen of the 2022 complaint was the charge that respondent engaged in the unauthorized practice of law when she resumed her law practice more than three years after she

had been removed from the master roll and her law license had been administratively suspended. In defending the 2022 complaint, respondent contended that she did not realize her license had been suspended when she resumed the practice of law in December 2019. She stated that she had misinterpreted information she received in a telephone call with a representative from RIBA in the fall of 2019, which led her to believe that she had no obligation to correct what she referred to as "clerical errors" pertaining to her license status or to submit her annual registration statement and pay her Supreme Court fees and RIBA dues until the end of June 2020. The respondent incorrectly believed that those licensing obligations were extended beyond the end of June 2020 and until the pandemic ended. Ultimately, the Disciplinary Board issued a letter of reprimand to respondent for violating Rules 5.5(b)(2) and 8.4(c) of the Rules of Professional Conduct, and the 2022 complaint closed.[1]

Thereafter, Disciplinary Counsel obtained emails which were inconsistent with the assertions respondent had made in her mitigation statement that she had

---

[1] Article III, Rule 21 of the Supreme Court Rules of Disciplinary Procedure requires that all disciplinary matters remain confidential. Only proceedings that follow a probable cause determination by the screening panel and authorization of formal charges are public. Here, Disciplinary Counsel moved for and the Court granted relief from these confidentiality requirements in order to file the petition for disciplinary action publicly and without redaction because the 2023 complaint, which is the basis for the petition, is inextricably woven with the 2022 complaint and disposition of that complaint, which was confidential.

submitted in response to the 2022 complaint. The emails were communications between the firm administrator and respondent during her employment with the firm, dated August 26, 2020, and September 8, 2020. The content of the emails indicated that she was aware that she needed to pay her annual registration fees and bar dues and, further, that she represented to her firm that she would take responsibility for these payments.

On March 6, 2023, Disciplinary Counsel filed a second disciplinary complaint (2023 complaint), which is now before us, against respondent asserting that respondent's failure to disclose the above-described emails constituted a violation of Rules 8.1(a) and (b) and 8.4(a) and (c) of the Rules of Professional Conduct. In reviewing this matter, the hearing officer found that respondent had actual and sufficient notice from the Court that her license was administratively suspended in 2016. Additionally, she should have realized that she had been removed from the master roll when she failed to submit her annual registration statements, Supreme Court fees, and dues each year in 2017, 2018, and 2019.

The hearing officer further found that emails between the firm administrator and respondent demonstrate that respondent had actual notice that the Court was requiring the payment of the 2020 annual fees and bar dues by September 2020, despite the pandemic. The email from the firm administrator on August 25, 2021, which contained the registration email from the then-Clerk of the Court,

demonstrates that respondent had actual notice that licensed attorneys who failed to file a 2021 annual registration statement by September 1, 2021, would be removed from the master roll. The emails between the firm administrator and respondent, along with the attached notice from the then-Clerk, undermine the credibility of statements respondent made in defending the 2022 complaint.

In her report and recommendation, the hearing officer stated that respondent misled the Disciplinary Board when she withheld evidence of her emails with the firm administrator. Although it certainly is possible that respondent withheld such evidence in a misguided effort to limit responsibility for her misconduct, her failure to reveal the emails is also consistent with her inexplicable failure to accept and address her licensing requirements.

Regardless of her underlying motivation, respondent was less than candid toward the Disciplinary Board when responding to the 2022 complaint. The respondent expressed great remorse for her misconduct, both as to her inexplicable failure to meet her licensing obligations and as to her lack of candor when confronted with the 2022 complaint. The hearing officer accepted these statements of remorse as heartfelt and true.

The hearing officer believed that withholding evidence from the Disciplinary Board likely resulted in a lesser sanction in the disposition of the 2022 complaint than respondent otherwise would have received. The respondent's application for

reinstatement has not been acted upon by the Court pending the outcome of this case. She has not practiced law since March 22, 2022.

Based upon the foregoing, the hearing officer found that respondent violated Rules 8.1(a) and (b) and 8.4(a) and (c) of the Rules of Professional Conduct. Rule 8.1 provides:

> "An applicant for admission to the bar, or a lawyer in connection with a bar admission application, a disciplinary matter, or a continuing legal education matter, shall not:
>
> "(a) knowingly make false statement of material fact; or
>
> "(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions, disciplinary, or continuing legal education authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6"[2] R. Prof. Conduct 8.1.

Commentary 1 to Rule 8.1 states that "[t]he duty imposed by this Rule applies to a lawyer's own admission or discipline as well as that of others. Thus, it is a separate professional offense for a lawyer to knowingly make a misrepresentation or omission in connection with a disciplinary investigation of the lawyer's own conduct."

Rule 8.4 provides, in pertinent part:

> "It is professional misconduct for a lawyer to:

---

[2] Rule 1.6 relates to confidentiality of client information and is not relevant to the instant petition.

"(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

"* * *

"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" R. Prof. Conduct 8.4.

Specifically, the hearing officer found that respondent made false statements to the Disciplinary Board in defending the 2022 complaint in violation of Rule 8.1(a). Contrary to her stated belief, respondent had actual notice that licensed attorneys were required to pay their annual fees and dues for 2020 by September 2020 and for 2021 by September 2021. She knowingly omitted material facts from the record in connection with the disciplinary investigation of her conduct in violation of Rule 8.1(b). As a result of her violation of Rules 8.1(a) and (c), respondent violated Rule 8.4(a). The hearing officer also found that, in withholding evidence of the emails and email notice from the then-Clerk of Court, respondent violated Rule 8.4(c) by acting with lack of candor.

Having found that respondent's conduct constituted a violation of Rules 8.1(a) and (b) and 8.4(a) and (c), the hearing officer next turned to the issue of the appropriate sanction to recommend to the Court. "In fashioning an appropriate sanction, the [hearing officer] and this Court are cognizant that the purposes of professional discipline are to protect the public and to maintain the integrity of the

- 8 -

profession * * * and not to punish the attorney." *In Re Glucksman*, 333 A.3d 504, 507 (R.I. 2025) (mem.). "Mitigating and aggravating factors must be weighed to determine the proper level of discipline that should be imposed." *Id.*

The respondent violated her duty of candor to the Disciplinary Board during the investigation of a disciplinary complaint filed against her. "The duty of candor * * * is the foundation of a lawyer's profession." *In re McKenna*, 110 A.3d 1126, 1148 (R.I. 2015).

In *In re Mosca*, 686 A.2d 927 (R.I. 1996), the Court ordered the suspension of an attorney who had failed to deposit clients' funds in a separate account and failed to make timely distribution of those funds when required to do so. *In re Mosca*, 686 A.2d at 928-30. The Court noted:

> "[I]t is respondent's conduct when confronted with these disciplinary complaints that this [C]ourt finds most egregious. Attorneys admitted to the practice of law in this State have an affirmative obligation to cooperate with disciplinary authorities when a disciplinary complaint is lodged against them. Rule 8.1 of the Rules of Professional Conduct makes it clear that it constitutes professional misconduct for a lawyer in a disciplinary proceeding to fail to respond to a disciplinary complaint or knowingly to make a false statement of material fact in responding to such a complaint." *Id.* at 930.

In another case, the Court found that suspension was warranted where a respondent not only made false statements on his bar application but then gave "less

- 9 -

than candid" testimony before the Committee on Character and Fitness. *In re Press*, 627 A.2d 842, 842 (R.I. 1993) (mem.).

The hearing officer noted that in other cases involving a respondent's misrepresentations, the Court imposed a public censure rather than suspension as the appropriate sanction. In one case, an out-of-state attorney filed a false affidavit about his own credentials when he sought to appear *pro hac vice* in a Rhode Island Superior Court case. *In re Levine*, 840 A.2d 1098, 1098-99 (R.I. 2003). The Court noted that "[h]e acknowledged that this was wrong and has expressed his sincere remorse for this misrepresentation." *Id.* at 1099. The Court reached the same conclusion in deciding *In re Fisher*, 175 A.3d 490 (R.I. 2018) (mem.). In that case, the respondent had engaged in a pattern of misconduct where he signed his client's name to foreclosure deeds and notarized his own false signature. *In re Fisher*, 175 A.3d at 490-91. In choosing public censure as an appropriate sanction, the Court referenced his "lengthy, unblemished history, coupled with his heartfelt remorse * * *." *Id*. at 492. In another case, *In re McAteer*, 183 A.3d 1133 (R.I. 2018) (mem.), the respondent represented to the Superior Court in oral argument that his client was entitled to receive the return of a real estate deposit from a defaulted defendant after the client had already received that payment in a settlement with a co-defendant. *In re McAteer*, 183 A.3d at 1134. In imposing the sanction of public censure, the Court considered the respondent's sincere remorse, unblemished professional history and

reputation, his cooperation with the disciplinary process, his recognition of his wrongful conduct, and his acceptance of the consequences he would face for misleading the Superior Court. *Id*. at 1135.

Because respondent's misconduct in this case involves lack of candor in responding to a disciplinary complaint, her misconduct might justify a suspension rather than a public censure. However, each disciplinary case must be decided on its own facts, and the facts in this case are unique. The issues that prevented the respondent from acknowledging and addressing her bar status do not appear to have carried over to her practice of law. By all accounts, throughout her legal career, respondent consistently provided her clients with competent, prompt, and diligent representation. *See* R. Prof. Conduct 1.1, 1.3. The evidence is undisputed that respondent enjoyed a fine reputation in the legal community and with the clients whom she represented. The respondent's excellent performance as an attorney is inconsistent with her disregard for the requirements of maintaining her law license. It certainly was not a predictor of the misconduct that constitutes the subject matter of this case. Her situation is distinguishable from situations in which an attorney converted clients' funds to his or her own use or committed financial fraud. *See, e.g.*, *In re Ricci*, 735 A.2d 203, 208 (R.I. 1999); *In re Hodge*, 676 A.2d 1362, 1363 (R.I. 1996); *In re Krause*, 676 A.2d 1340, 1342 (R.I. 1996).

The respondent never betrayed her clients' trust for personal gain. She received no benefit from failing to seek reinstatement before resuming the practice of law, and she had the opportunity to do so without prejudicing her then-upcoming association with the firm. For whatever reason, respondent avoided addressing the status of her law license and ignored eleven notices from the Court that she had been removed from the master roll. She disregarded multiple emails from the firm administrator alerting her to attorneys' annual licensing obligations. Even if she believed that her license was in good standing when she joined the firm, she would have known this not to be true by August 25, 2021. By that date, she should have realized that an attorney's failure to register by September 1, 2021, likely would result in removal from the master roll.

In her conclusion, the hearing officer stated that she had great difficulty reconciling the overwhelming weight of evidence that respondent must have known that she had been removed from the master roll with her application to fill an attorney position with the Court.

The hearing officer found that respondent made sincere expressions of great remorse and shame for her misconduct. In her preliminary statement, respondent described this incident as "the worst and most serious mistake of [her] entire life." She added that she "think[s] of it every day and [she is] completely ashamed of [her] conduct and inactions." Of significance, the hearing officer was mindful that

- 12 -

respondent's application for reinstatement has been pending for more than three-and-a-half years.  That period of time has been tantamount to a lengthy suspension.  For this reason, along with her sincere expression of remorse and history as a well-respected practitioner, the hearing officer recommended the imposition of a public censure as the appropriate level of discipline in this case.

The Court accepts the hearing officer's findings and conclusions of law and adopts the hearing officer's thoughtful, thorough, and well-written decision.

The respondent is hereby publicly censured.


Entered as an Order of this Court this  **10th** day of ***October 2025***.


By Order,

/s/ *Meredith A. Benoit*
Clerk


Justice Lynch Prata did not participate.

- 13 -



## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Staci L. Kolb. | |
| **Case Number** | No. 2024-214-M.P. | |
| **Date Order Filed** | October 10, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Travers, Esq.<br>Maria R. Lenz, Esq.<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Peter A. DiBiase, Esq.<br>Neil P. Philbin, Esq. | |