**Supreme Court**
No. 2025-64-M.P.

In the Matter of Santiago H. Posas.    :

# O R D E R

This attorney disciplinary matter came before the Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On August 21, 2025, we received a decision issued by the Honorable Justice Netti C. Vogel (ret.), sitting as a hearing officer pursuant to Article III, Rule 4(c), finding that the respondent, Santiago H. Posas, had violated the Supreme Court Rules of Professional Conduct and recommending we publicly censure the respondent for his conduct. Rule 6(d) provides:

> "If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order. Proceedings, if any, before this Court shall be conducted by [Disciplinary] Counsel."

We directed the respondent to appear before the Court at its conference on October 9, 2025, to show cause, if any, why we should not accept the recommendation of the hearing officer. The respondent appeared before the Court and accepted full responsibility for his actions. Having heard the representations of

- 1 -

respondent and this Court's Disciplinary Counsel, we concur with the hearing officer's decision that respondent violated the Rules of Professional Conduct and should be publicly censured.

The respondent is subject to the Rules of Professional Conduct as adopted and promulgated as Article V of the Rhode Island Supreme Court Rules. The respondent was admitted to the Rhode Island bar in 2015 and has been removed from the master roll since December 2024. The respondent currently resides out-of-state. In 2023, respondent was employed by a local law firm and represented one of the firm's clients in a litigation matter. The respondent admits to knowingly filing a false affidavit in that litigation matter with respect to his failure to timely file an answer on behalf of his client. The respondent has expressed great remorse and embarrassment for his actions and has accepted full responsibility, including making an unsolicited confession to his supervising attorney on the Monday following the submission of the false affidavit on a Friday. The respondent voluntarily subjected himself to court hearings in the litigation matter. The respondent further offered significant mitigation that the hearing officer found contributed to his conduct.

Based upon the foregoing, the hearing officer found that respondent violated Rules 3.3(a)(1) and (a)(3) ("Candor toward the tribunal") and 8.4(a) and (c) ("Misconduct") of the Rules of Professional Conduct. Rule 3.3 provides, in pertinent part:

"(a) A lawyer shall not knowingly:

"(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

"* * *

"(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false." R. Prof. Conduct 3.3.

Rule 8.4 provides, in pertinent part:

"It is professional misconduct for a lawyer to:

"(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

"* * *

"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" R. Prof. Conduct 8.4.

Having found that respondent's conduct constituted a violation of Rules 3.3(a)(1) and (a)(3), and 8.4(a) and (c), the hearing officer next turned to the issue of the appropriate sanction to recommend to this Court. "In fashioning an appropriate sanction, the [Hearing Officer] and this Court are cognizant that the

- 3 -

purposes of professional discipline are to protect the public and to maintain the integrity of the profession * * * and not to punish the attorney * * *." *In re Glucksman*, 333 A.3d 504, 507 (R.I. 2025) (mem.); *In re Scott*, 694 A.2d 732, 736 (R.I. 1997); *In re Almonte*, 678 A.2d 457, 457-58 (R.I. 1996). "Mitigating and aggravating factors must be weighed to determine the proper level of discipline that should be imposed." *In re Glucksman*, 333 A.3d at 507.

In *In re Levine*, 840 A.2d 1098 (R.I. 2003), this Court publicly censured an out-of-state attorney who filed a false affidavit about his own credentials when he sought to appear *pro hac vice* in the Rhode Island Superior Court. *In re Levine*, 840 A.2d at 1098-99. The Court noted that the attorney "acknowledged that this was wrong and ha[d] expressed his sincere remorse for this misrepresentation." *Id*. at 1099. This Court came to the same conclusion in *In re Fisher*, 175 A.3d 490 (R.I. 2018) (mem.). In that case, the respondent signed his client's name to foreclosure deeds and notarized his own false signature. *In re Fisher*, 175 A.3d at 490-91. In choosing public censure as an appropriate sanction, the Court referenced his "lengthy, unblemished history, coupled with his heartfelt remorse * * *." *Id.* at 492. Further, in another case, *In re McAteer*, 183 A.3d 1133 (R.I. 2018) (mem.), the respondent appeared in the Superior Court and represented to the court that his client was entitled to receive the return of a real estate deposit from a defaulted defendant after his client already received the return of that payment in settlement with a co-

defendant. *In re McAteer*, 183 A.3d at 1134. In imposing public censure as a sanction, this Court considered his sincere remorse, unblemished professional history and reputation, as well as his cooperation with the disciplinary process, recognition of his wrongful conduct and his acceptance of the consequences he would face for misleading the Superior Court. *Id.* at 1135.

In other cases where the respondents have made false filings, this Court ordered that they be suspended from the practice of law in this state for varying periods of time. For example, this Court concluded that a suspension was warranted where a respondent not only had made false statements on his bar application but also gave "less than candid" testimony before the Committee on Character and Fitness. *In re Press*, 627 A.2d 842,842 (R.I. 1993) (mem.).

In another case, this Court chose to suspend an attorney rather than to publicly censure her after the attorney made false statements on an application filed in the federal district court for a substantially unjustified post-verdict award of attorneys' fees and costs and then defended the amount at a hearing. *In re Schiff*, 677 A.2d 422, 424-25 (R.I. 1996).

The hearing officer found that significant mitigating factors in this instant matter distinguish it from those cited cases in which this Court imposed a suspension. We agree. The facts and circumstances here more closely resemble the cited cases in which the respondent was publicly censured. The respondent's

misrepresentations involved a single incident of wrongdoing—one which he made on a Friday and self-reported the following Monday morning. He disclosed that he had falsified the affidavit before anyone discovered or even suspected that his statements were untrue. The respondent never attempted to defend or hide his misrepresentations and instead promptly filed a corrected affidavit with the court. The respondent was honest throughout the entire investigation and proceedings. These measures demonstrate the sincerity of his remorse and distinguish this case from those in which a respondent displayed a continued lack of candor after making initial false statements. The respondent has no disciplinary history other than this matter and offered compelling evidence of certain personal circumstances that contributed significantly to his actions.

The Court accepts the hearing officer's findings of fact and conclusions of law and adopts the hearing officer's well-reasoned decision.

The respondent is hereby publicly censured.


Entered as an Order of this Court this *24th* day of *October 2025*.


By Order,


/s/ *Meredith A. Benoit*
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Santiago H. Posas. | |
| **Case Number** | No. 2025-64-M.P. | |
| **Date Order Filed** | October 24, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Reilley Travers, Esq.<br>Maria R. Lenz, Esq.<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Santiago H. Posas, *pro se* | |